IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

RICKY OLSON,

                Petitioner,

v.

UNITED STATES OF AMERICA,

                Respondent.

ORDER

24-cv-489-wmc

---

      Petitioner Ricky Olson, a prisoner incarcerated by the Bureau of Prisons at the Federal Correctional Institution in Thomson, Illinois ("FCI-Thomson"), has filed a federal habeas corpus petition for relief under 28 U.S.C. § 2241. (Dkt. #1.) He challenges the validity of the 156-month prison sentence in *United States v. Olson*, No. 16-cr-01-wmc (W.D. Wis.), which was imposed following his guilty plea to child pornography charges. Although Olson did not appeal, he did file a motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255, which this court denied on March 16, 2023. *Olson v. United States*, No. 20-cv-455-wmc (W.D. Wis.). Olson now argues that his sentence violates "due process" because it was not supported by sufficient evidence. (Dkt. #1, at 3.)

      Review under 28 U.S.C. § 2241 is usually reserved for attacking the computation or execution, not the imposition, of a sentence. *See Kramer v. Olson*, 347 F.3d 214, 217 (7th Cir. 2003) (per curiam). By contrast, "[28 U.S.C] § 2255 is the exclusive means for a federal prisoner to attack his conviction [or sentence]." *Hill v. Werlinger*, 695 F.3d 644, 647 (7th Cir. 2012); *see also Carnine v. United States*, 974 F.2d 924, 927 (7th Cir. 1992) (comparing the remedies available under §§ 2241, 2255). Because Olson's petition attacks the imposition of his sentence, the petition is mischaracterized as falling under § 2241, and is effectively a second

motion to vacate under § 2255. However, Olson may not file a second or successive motion under § 2255 in district court unless he first obtains approval from the appropriate court of appeals authorizing the lower court to consider the application. *See Adams v. United States*, 911 F.3d 397, 403 (7th Cir. 2018) ("The Antiterrorism and Effective Death Penalty Act requires a prisoner to receive the prior approval of the Court of Appeals before filing a second or successive motion under § 2255."); *see also* 28 U.S.C. § 2255(h) ("A second or successive motion must be certified . . . by a panel of the appropriate court of appeals"). Because Olson has not obtained prior authorization to file a second or successive motion under § 2255, the court must dismiss his petition for lack of jurisdiction.[1]

ORDER

IT IS ORDERED that:

1) Petitioner Ricky Olson's petition for a writ of habeas corpus (dkt. #1) is DISMISSED for lack of jurisdiction as an unauthorized successive motion to vacate under 28 U.S.C. § 2255.

2) The clerk of court is directed to enter judgment and send copies of this order and the judgment to petitioner.

Entered this 8th day of January, 2025.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge

---

[1] Although there is a savings clause that allows a prisoner to seek relief under 28 U.S.C. § 2241 where § 2255 is "inadequate or ineffective to test the legality of his detention," Olson does not show that it applies. *See Jones v. Hendrix*, 599 U.S. 465 (2023).